**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 06-104-DLB**

**IN RE:**

**HNRC DISSOLUTION CO., f/k/a
HORIZON NATURAL RESOURCES**                                             **DEBTOR**

_____

**ZURICH AMERICAN INSURANCE COMPANY**                                 **APPELLANT**

**VS.**                                       **MEMORANDUM ORDER**

**LEXINGTON COAL COMPANY, LLC**                                          **APPELLEE**

*********************************

**I.     Introduction**

This matter is before the Court on Appellant Zurich's Motion to Stay this Court's July 2, 2007 Memorandum Opinion and Order pending appeal (Doc. #47). Appellee Lexington Coal Company ("LCC") having filed its response in opposition to the motion (Doc. # 53), and Zurich having filed its reply (Doc. # 57), the motion is ripe for the Court's review.

In its motion, filed pursuant to Federal Rule of Appellate Procedure 8(a), Zurich seeks to have the Court stay its prior decision which affirmed the Bankruptcy Court's Order denying administrative expense priority status to Zurich's claims. In essence, Zurich seeks to preserve the status quo regarding the previously stayed administrative expense pool, estimated at 16.2 million dollars[1], pending appeal so that it may reap the benefit of a

---

[1] This amount is based upon the representation of LCC's counsel at oral argument. (Doc. # 45 at p. 20).

1

potentially meritorious appeal. More specifically, Zurich continues its multi-faceted attack on this Court's July 2, 2007 decision, arguing that the four factor test set forth in *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir. 1991) warrants the requested stay. LCC argues that the balancing of the four factors weighs against the issuance of a stay.

After carefully considering the record, the controlling law, as well as the parties' briefs and arguments, the Court concludes that a stay pending appeal is not warranted herein. Accordingly, the motion for a stay is **denied**, and the Court will not stay the Memorandum Opinion and Order Zurich is appealing.

## II.     Discussion

In determining whether a stay should be granted under Rule 8(a) of the Federal Rules of Appellate Procedure, the court considers the same four factors that are traditionally considered in determining whether to grant a preliminary injunction. *Griepentrog,* 945 F.2d at 153; *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). These factors are the following: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Griepentrog,* 945 F.2d at 153. Although the court considers these same four factors for both a motion to stay pending appeal and a preliminary injunction, the weight given to each of these factors is not necessarily the same. *Id.* A movant seeking a stay on appeal, for example, will be less likely to establish the probability of success on the merits than one who petitions for a preliminary injunction. *Id.* Conversely, a movant seeking a stay on appeal will have a greater likelihood of establishing

irreparable harm than one who seeks a preliminary injunction. *Id.* In either case, however, the moving party has the burden of showing a combination of these factors to persuade the court to grant their motion.

In evaluating the degree of injury, it is important to remember that the key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Sampson v. Murray,* 415 U.S. 61 (1974).

In its motion, Zurich raises the same legal challenges it raised in its previously filed appellate brief, to wit, that the Bankruptcy Court, and now this Court, erred as a matter of law in concluding that its claim was not entitled to administrative expense priority status pursuant to 11 U.S.C. § 503 and applicable case law. While couched in a motion to stay, Zurich raises no new arguments or cites no new authority that raises the specter of a reversal on appeal.[2]

Here, the Court is unconvinced that the character of the potential injuries described in Zurich's motion and reply is truly irreparable so as to justify the extraordinary relief sought. In its motion, Zurich states that "if the [Memorandum Opinion and] Order is not stayed pending appeal, LCC might distribute funds held in reserve that would be used to

---

[2] In denying the pending motion for stay, the Court is mindful that a motions panel of the Sixth Circuit Court of Appeals may be called on to review the denial on an expedited basis. The Court also recognizes that the issues likely to be raised on appeal were relatively unsettled issues of law, which will be reviewed de novo. These points notwithstanding, for the reasons set forth in the July 2, 2007 Memorandum Opinion and Order, the Court believes that Zurich has failed to satisfy its burden of showing a likelihood of reversal on appeal.

satisfy Zurich's administrative claim" (Doc. # 47 at p. 8).  Zurich's claim for administrative expense priority status, at its core, is one for monetary recovery.  The monetary harm that Zurich would allegedly suffer if the stay was denied does not constitute irreparable harm. *See Sampson v. Murray,* 415 U.S. 61, 90-91 (1974) (holding that monetary damages do not generally constitute irreparable harm).

In this case, it is undisputed that the confirmation plans allowed for LCC to use the funds in the administrative expense pool to fund its reclamation and related activities. Although there was a recognition during the bankruptcy proceedings that Zurich would be submitting an administrative expense claim, the parties acknowledged during oral argument that the administrative expense pool may be used to fund reclamation projects.  Not only was using the funds in the pool for reclamation purposes expressly provided for by the bankruptcy court, such use going forward is entirely permissible.  Although the parties were unable at oral argument to provide exact figures for the costs of such reclamation projects, the fact that the amount is unknown bolsters a finding of no irreparable harm to Zurich. Thus, although Zurich believes the administrative expense pool will be entirely depleted if a stay is not granted during the pendency of the appeal, Zurich's argument is speculative on this point.  Finally, although Zurich argues it is merely seeking to avoid having the funds in the pool distributed to class claimants with lower priority, if the stay were granted, other administrative expense claimants with the same priority would be potentially deprived of the funds.

The third and fourth *Griepentrog* factors also favor a denial of the motion to stay. Although Zurich argues that LCC has reserved adequate funds to pay its administrative expense claim if allowed, it was the bankruptcy court, as opposed to LCC, which reserved

funds to pay administrative expense claims. The freezing of the administrative expense pool during the pendency of the appeal, for the sole benefit of Zurich, is inconsistent with the orders of the bankruptcy court which established the pool as part of the confirmation of the plans. As set forth by LCC in its response, several state and federal regulatory entities withdrew their objections to the confirmation plans based on the bankruptcy court's order setting aside funds in the administrative expense pool for reclamation purposes. To usurp that order now will potentially harm those parties by depriving them of funds set aside for their purposes. The administrative expense funds should be permitted to be used in accordance with the purposes for which they were set aside. Granting the requested stay would be contrary to those specifically negotiated purposes. Finally, the public interest in the finality of confirmed plans in bankruptcy and the orderly administration of bankruptcy cases outweighs any stated interest by Zurich.

### III. Conclusion

Because Zurich has not satisfied the requirements for a stay pending appeal,

**IT IS ORDERED** that Zurich's Motion for a Stay (Doc. # 47) be, and is hereby **DENIED**.

This 26th day of July, 2007.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\AshCivil\6-104 Order Denying Motion to Stay.wpd